# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **L.J. and I.J.**

**No. 21-0818** (Kanawha County 20-JA-223 and 20-JA-224)

## MEMORANDUM DECISION

Petitioner Mother G.S., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's September 14, 2021, order terminating her parental rights to L.J. and I.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), J. Rudy Martin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant proceedings, the DHHR received a referral in January of 2020 alleging that petitioner's home lacked electricity and water, and the family was living in a hotel room as a result. In lieu of a temporary protection plan for the children, petitioner granted temporary guardianship of the children to a certified kinship home. The next month, the Kanawha County Family Court held a hearing wherein petitioner did not appear. At the hearing, the court granted the relatives full guardianship of the children.

In May of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner exposed the children, then ages eight and ten, to repeated sexual abuse by her boyfriend. According to the petition, the children stated that they told petitioner, who took no action to prevent the sexual

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

abuse and did not believe the children. The DHHR alleged that when confronted with the allegations, petitioner denied that any sexual abuse occurred. The children further disclosed that the petitioner and the boyfriend were abusive to each other, and petitioner was left unconscious after at least one incident. The children also stated that the boyfriend was an alcoholic, and they did not feel safe with either petitioner or her boyfriend. According to the petition, petitioner's home also lacked electricity or running water. The DHHR further alleged that petitioner and the father failed to provide the children with the necessary food, clothing, supervision, housing, and financial support.

After some delays due to scheduling, the circuit court held an adjudicatory hearing in September of 2020. However, the DHHR requested a continuance to allow petitioner to complete a psychological evaluation. In November of 2020, the DHHR filed a summary report indicating that petitioner had tested positive for methamphetamine and amphetamine in August of 2020 and September of 2020. The DHHR report further indicated that petitioner failed to respond to repeated communications from service providers since her positive drug screens.

The circuit court again granted a continuance in January of 2021 as the parents' psychological evaluations were still incomplete. The court held another hearing in April of 2021 wherein counsel for the parties advised the circuit court that they had been unable to access transcripts from the children's Child Advocacy Center interviews, and the matter was continued. The next month, the DHHR filed a report indicating that petitioner had remained noncompliant with her adult life skills and individualized parenting classes.

In June of 2021, the circuit court held an adjudicatory hearing wherein petitioner did not appear but was represented by counsel. A Child Protective Services ("CPS") worker testified that the children disclosed being physically abused by petitioner and her boyfriend. The worker noted that the children discussed that petitioner and her boyfriend used a belt on various parts of their body, leading to bruising. The worker further testified that L.J. stated that the boyfriend would spit in her face when he was angry. The worker stated that the children disclosed witnessing a domestic altercation between the boyfriend and petitioner, leading the children to call for an ambulance after petitioner was knocked unconscious. The worker recalled that the children also disclosed separate incidents of sexual abuse by the boyfriend that included him touching their genitals. As a result, the circuit court adjudicated petitioner as an abusing parent, finding that she had physically abused the children and permitted her boyfriend to physically and sexually abuse the children. The circuit court further found that the father was not present in the children's lives, had failed to provide financial or emotional support for the children, and adjudicated him as an abusing parent.

The circuit court held a dispositional hearing in September of 2021 during which a CPS case manager testified that petitioner was provided services throughout the proceedings until June of 2021. The case manager noted that petitioner had only sporadically complied with services, as she failed to regularly participate in adult life skills and individualized parenting classes and failed to attend her scheduled psychological evaluation. The case manager further stated that petitioner claimed the children when filing her taxes even though the children were in a guardianship at the time, and she had not been caring for them during the prior six months. The case manager stated that petitioner did not maintain contact with the DHHR after her services were terminated in June of 2021. The case manager testified that the DHHR recommended petitioner's parental rights be

terminated with no post-termination visitation due to petitioner's noncompliance with services. Next, petitioner testified she had ceased using controlled substances, including methamphetamine, approximately two months prior to the hearing and did so on her own. Petitioner maintained that she did not believe that her boyfriend had sexually abused the children and acknowledged that she continued to maintain a relationship with him despite the allegations of sexual abuse. Finally, petitioner acknowledged that she was unemployed.

Ultimately, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights. The court found that petitioner had failed to comply with services and continued her drug abuse. The court further found that petitioner failed to appear for her psychological evaluation and had claimed the children on her tax return despite not having custody of the children. Finally, the court found that petitioner failed to acknowledge that her boyfriend sexually abused the children and continued to maintain a relationship with him. The circuit court's decision was memorialized by its September 14, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period because she was "a drug addict" who "required additional time to remedy her addiction." Petitioner contends that she had ceased using controlled substances prior to the dispositional hearing, cooperated with some services, and had maintained housing. As such, petitioner argues that she had demonstrated her willingness to participate in an improvement period. We disagree.

This Court has held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing

---

[2]The father's parental rights were also terminated below. The permanency plan for the children is adoption by their foster family.

3

evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

Contrary to petitioner's argument, we see no error in the circuit court's determination that petitioner was not likely to fully participate in an improvement period. The circuit court found that petitioner failed to make significant progress during the fifteen-month course of the proceedings, including the fact that she minimized responsibility for abusing and neglecting the children. The circuit court found that petitioner failed to acknowledge that her boyfriend sexually abused the children and continued to maintain a relationship with him. Further, the record indicates that petitioner only sporadically attended her adult life skills and individualized parenting classes until services were discontinued due to her noncompliance in June of 2021. Petitioner also failed to attend her psychological evaluation and remained unemployed throughout the proceedings. Finally, petitioner tested positive for methamphetamine and amphetamine in August of 2020 and September of 2020, several months after the DHHR filed the instant petition. Petitioner testified at the dispositional hearing in September of 2021, that she had ceased using methamphetamine two months prior to said hearing. Although petitioner asserts that she ceased abusing controlled substances on her own and without the assistance of the DHHR, the record contains no evidence corroborating this claim. Accordingly, we find no error in the circuit court's decision to deny petitioner a post-adjudicatory improvement period.

Moreover, the evidence before the circuit court supports its termination of petitioner's parental rights. As set forth above, the DHHR presented evidence of petitioner's noncompliance with services throughout the proceedings, including her lack of participation in adult life skills and individualized parenting classes and her continued substance abuse. West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. With these parameters in mind, the record clearly supports the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect given her untreated substance abuse issues and refusal to acknowledge the conditions of abuse and neglect.

Although petitioner also takes issue with the timeframe from adjudication to termination, arguing that she should have been given additional time and an opportunity to demonstrate that

she could correct the conditions of abuse and neglect, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment